42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clarence E. PITTS, Plaintiff-Appellee,
v.
Michael NAKAMURA, Chief; Honolulu Police Department, et
al., Defendants-Appellants.
 No. 93-16041.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1994.
Decided Nov. 21, 1994.
 
 Before: BROWNING, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Nakamura, as Chief of Police of the Honolulu Police Department, and the City and County of Honolulu ("City") appeal the magistrate judge's order granting Clarence E. Pitts' motion to enforce a settlement agreement. Pitts sued the City alleging civil rights violations and common law claims arising from his arrest and detention on August 31, 1990. Although a jury returned a special verdict relieving the City of liability, the magistrate judge ordered a new trial when the court discovered the verdict did not reflect the jury's actual decision. Instead of a new trial, however, the parties executed a settlement agreement providing for an interlocutory appeal to the Ninth Circuit challenging the magistrate judge's decision to order a new trial. The parties agreed that if the City did not prevail on appeal, the City would pay Pitts $90,000. The Ninth Circuit denied the petition for interlocutory review, and the magistrate judge enforced the settlement agreement against the City. The City contends, inter alia, the settlement agreement does not apply because the Ninth Circuit did not reach the merits of the interlocutory appeal. We affirm the order granting the motion to enforce the settlement agreement and remand for a calculation of the Rule 38 sanctions we now award Pitts.
 
 STANDARD OF REVIEW
 
 3
 The determination of whether language used in a settlement agreement is ambiguous is a question of law which we freely review. Petro-Ventures, Inc. v. Takessian, 967 F.2d 1337, 1340 (9th Cir.1992). However, when the trial court looks beyond the agreement's language and considers extrinsic evidence, the court's interpretation of the settlement agreement will not be reversed unless it is clearly erroneous. Id.
 
 
 4
 "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." Concrete Pipe & Prod. v. Constr. Laborers Pension Trust, 113 S.Ct. 2264, 2280 (1993) (internal quotations omitted). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Service Employees Int'l Union, AFL-CIO, CLC v. Fair Political Practices Comm'n, 955 F.2d 1312, 1317 n. 7 (9th Cir.) (internal quotations omitted), cert. denied, 112 S.Ct. 3056 (1992).
 
 DISCUSSION
 
 5
 "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." United Commercial Ins. Service, Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir.) (internal quotations omitted), cert. denied, 113 S.Ct. 660 (1992). "This is true even though the underlying cause of action is federal." Id. Under Hawaii law, settlement agreements are controlled by principles of general contract law. See Dowsett v. Cashman, 625 P.2d 1064, 1068 (Haw.Ct.App.1981).
 
 
 6
 * The parties' dispute centers on the language in the agreement requiring the City to pay Pitts $90,000 "[i]f Defendants do not prevail, for any reason, on the appeal...." Pitts argues the language unambiguously demonstrates the parties' intent to foreclose further litigation by placing the burden to prevail on the interlocutory appeal on the City. The City, however, contends it never accepted such a burden and insists that a reading of the whole agreement renders the "for any reason" language ambiguous.
 
 
 7
 In deciding this case, the magistrate judge declined to rely solely on the agreement's language and considered the purpose of the agreement, the negotiation proposals and the testimony of the parties' attorneys regarding the meaning of the agreement. We shall do the same. In doing so, the magistrate judge found that the parties executed the settlement agreement with the purpose of avoiding further litigation and with the intention that the City accept the risk of succeeding on its appeal.
 
 
 8
 The City seeks to undermine the magistrate judge's findings by pointing to Magistrate Judge Kurren's January 7, 1993 order granting defendants' Motion for Permission to File an Interlocutory Appeal. The City contends this order demonstrates that neither the magistrate judge nor the City knew the agreement carried the meaning Pitts now ascribes to it. This argument is without merit.
 
 
 9
 The magistrate judge, in rendering its January 7 order, was not interpreting the meaning of the settlement agreement. After Pitts moved for enforcement of the settlement agreement, Magistrate Judge Kurren held an evidentiary hearing and concluded there was not "even a hint that either party ever contemplated the contingency that they would go forward with a new trial in the event that the Ninth Circuit declined to accept City's petition." This finding by Magistrate Judge Kurren renders groundless the City's contention regarding the January 7, 1993 order.
 
 
 10
 The City also argues the ambiguous language in the settlement agreement must be construed against its drafter, Pitts. Assuming the language is ambiguous, this rule applies only "where, after examining the entire contract, the relation of the parties, their intentions, and the circumstances under which they executed the contract, the ambiguity remains unresolved." United States ex rel. Union Bldg. Materials Corp. v. Haas & Haynie Corp., 577 F.2d 568, 574 (9th Cir.1978) (applying Hawaiian contract law) (internal quotations omitted).
 
 
 11
 Here, the magistrate judge relied on the extrinsic evidence to find "that in fact there is no ambiguity.... that the intent of the parties entering into this agreement was to end their dispute and preclude any further litigation." The magistrate judge's findings of fact are fully supported by the record and the conclusions drawn therefrom are equally error free.
 
 II
 
 12
 The City contends that even if its counsel agreed to accept the burden of succeeding on appeal, he was without authority to do so. This surprising argument is also without merit. There is absolutely no evidence in the record indicating the City's attorney lacked the authority to execute the settlement agreement on December 10. At a minimum, counsel for the City possessed the apparent authority to act on the City's behalf. See CHO Mark Oriental Food, Ltd. v. K & K Int'l, 836 P.2d 1057, 1061-63 (Haw.1992).
 
 III
 
 13
 Although the City's brief is largely concerned with Pitts' use of transcript testimony at the trial and the magistrate judge's decision to order a new trial, these issues are not properly before this court. The City appeals the order granting the motion to enforce the settlement agreement, not the order granting a new trial. We may address only the issues raised in the proceeding from which the City appeals. See Sidney v. Zah, 718 F.2d 1453, 1457 (9th Cir.1983) (merits of prior injunction cannot be challenged on appeal from contempt citation for failure to comply with injunction). Moreover, the City has already attempted to obtain interlocutory relief from the new trial order and a panel from this Circuit rejected the City's petition. We are bound by that decision. Kimball v. Callahan, 590 F.2d 768, 771 (9th Cir.) (explaining the law of the case doctrine), cert. denied, 444 U.S. 826 (1979). Finally, the settlement agreement extinguishes all claims arising from Pitts' arrest and detention on August 31, 1990 and renders the issues regarding the transcript testimony and new trial order moot. See Riverhead Sav. Bank v. Nat'l Mortgage Equity Corp., 893 F.2d 1109, 1112 (9th Cir.1990).
 
 IV
 
 14
 Pitts asks us to impose Rule 38 sanctions on the City for bringing a frivolous appeal. See Fed.R.App.P. 38. "An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." Smith v. Ricks, 31 F.3d 1478, 1489 (9th Cir.1994).
 
 
 15
 The City appealed the magistrate judge's order knowing that even if the settlement agreement's language is ambiguous, it still must demonstrate that the magistrate judge's interpretation of the agreement was clearly erroneous. Nevertheless, the City has failed to point to any evidence in the record which undermines the magistrate judge's findings of fact.
 
 
 16
 Indeed, the City expends the majority of its energy on issues this Circuit has already declined to review. Moreover, these issues are unrelated to the order appealed. The City offers no authority for proceeding in such a manner.
 
 
 17
 Because we conclude the City's appeal was wholly without merit, we choose to exercise our discretion and grant Pitts double costs and attorney's fees for this appeal pursuant to Fed.R.App.P. 38. We remand to the magistrate judge for a calculation of these damages.
 
 
 18
 AFFIRMED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3